Mark Choate, AK #8011070
Attorney for Plaintiff
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Tel: (907) 586-4490
Fax: (206) 424-9705
Email: lawyers@choatelawfirm.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STEPHEN JOHN SPRING,<br><br>        Plaintiff,<br><br>v.<br><br>THE CITY AND BOROUGH OF JUNEAU, a municipal corporation, TYLER REID, DON WARD, and JOHN DOES 1 - 10,<br><br>        Defendants. | Case No.<br>Judge: |

## **COMPLAINT FOR WRONGFUL DEATH**

COME NOW the Plaintiff, STEPHEN JOHN SPRING, by and through counsel, and for causes of action against the Defendants, THE CITY AND BOROUGH OF JUNEAU, a municipal corporation, TYLER REID, DON WARD, and JOHN DOES 1 - 10, and requests a jury trial, alleges as follows:

### *VENUE AND JURISDICTION*

1. The allegations in this Complaint arise from an unlawful arrest and battery that occurred on September 26, 2020 in the City and Borough of Juneau, Alaska.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, this being a suit to redress a violation of rights protected by Constitution of the United

COMPLAINT
Page 1 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 1 of 16

States. To the extent this complaint seeks relief under the Laws or Constitution of the State of Alaska, Plaintiff seeks to invoke the Court's pendent jurisdiction of all state law claims.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the City and Borough of Juneau, Alaska.

## *PARTIES*

4. Plaintiff, Stephen Spring, is and was at all relevant times, a resident of the State of Alaska, First Judicial District, at Juneau.

5. Defendant, the City and Borough of Juneau is a governmental entity and a municipal corporation operating in this judicial district. Among its departments is the Juneau Police Department, which is responsible for traditional law enforcement activities within the City of Juneau. It is also responsible for the hiring, training and supervision of its police officers, more specifically, for co-Defendants, Tyler Reid and Don Ward.

6. Defendant Tyler Reid is an individual residing in this judicial district. At all times relevant hereto, Defendant Tyler Reid was a police officer with the Juneau Police Department, an employee of the City of Juneau, and was acting within the course and scope of his employment. All acts committed by Defendant Tyler Reid were done under color of the laws of the State of Alaska and under the authority of his position as a police officer with the Juneau Police Department.

7. Defendant Don Ward is an individual residing in this judicial district. At all times relevant hereto, Defendant Don Ward was a police officer with the Juneau Police Department, an employee of the City of Juneau, and was acting within the course and scope of his employment. All acts committed by Defendant Don Ward were done under color of the laws of the State of Alaska and under the authority of his position as a police officer with the Juneau Police Department.

COMPLAINT
Page 2 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 2 of 16

***ALLEGATIONS COMMON TO ALL CAUSES OF ACTION***

8. Plaintiffs incorporate by reference the statements contained in the foregoing paragraphs 1-8 and in addition state:

9. On September 26, 2020, Plaintiff Stephen Spring ("Mr. Spring" or "Plaintiff") resided at 317 W. Twelfth Street in the City and Borough of Juneau, Alaska (the "Residence").

10. The Residence was owned by Ms. Victoria Angela ("Victoria"), who, at all times relevant to this Complaint, resided in the residence, and, for whom, Mr. Spring acted as caregiver.

11. Also residing in the Residence on September 26, 2020, was Ms. Marlene Martha Abbott ("Marlene"), who was Victoria's cousin.

12. On September 26, 2020, Marlene and Mr. Spring had a verbal dispute, which prompted Marlene to call the police, alleging, falsely, that Mr. Spring had grabbed her cellular phone, which was attached to a necklace around her neck, breaking the necklace.

13. At approximately 4:30 PM on September 26, 2020, members of the City and Borough of Juneau Police Department arrived outside the Residence and contacted Marlene in the street.

14. In particular, Defendants Don Ward and Tyler Reid made contact with Marlene who relayed, falsely, that Mr. Spring had yanked at her phone, causing her necklace to break.

15. While this was occurring, Mr. Spring was inside the residence with Victoria, who is being treated for chronic, ultimately incurable, medical conditions.

16. After talking with Marlene, Defendants Ward and Reid made contact with Mr. Spring in the doorway to the residence.

17. Mr. Spring was responsive to the inquiries of Defendants Ward and Reid concerning their investigation.

18. In fact, Mr. Spring was forthcoming with information about the altercation between himself and Marlene, stating unequivocally that she has personal problems, that she

COMPLAINT
Page 3 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 3 of 16

threw a box of sugar at him and made a mess in the kitchen, and that he did not attack or threaten her any way.

19. However, rather than inquiring fully about Marlene's allegations, Defendant Ward, with Defendant Reid immediately behind him, moved to escalate this police encounter by pressing Mr. Spring to enter the Residence.

20. Victoria, however, had expressly stated to Mr. Spring to keep the police from entering her Residence.

21. Mr. Spring, expressing Victoria's wishes, verbally denied Defendants Ward and Reid entry into the Residence.

22. In particular, Mr. Spring told the officers that Victoria did not want them to enter the Residence.

23. Despite this, Defendants Ward and Reid escalated the situation further, insisting on entering the Residence and instructing Mr. Spring to cede the doorway.

24. Mr. Spring repeatedly stated that the police were not welcome in the Residence per himself as a resident and per Victoria.

25. Defendants Ward and Reid did not have permission to enter the Residence, did not have a search warrant to enter the premises, and did not encounter any exigent circumstances warranting unpermitted entry to the Residence.

26. Moreover, Defendants Ward and Reid could observe Victoria through the front window of the home adjacent to the door in which Mr. Spring was standing.

27. Defendants Ward and Reid could observe that Victoria was not in any danger or distress, and that she did not invite their presence.

28. Despite this, Defendants Ward and Reid insisted on escalating a simple inquiry and conversation with Mr. Spring by claiming, falsely, that they needed to talk with Victoria to check on her well-being.

COMPLAINT
Page 4 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 4 of 16

29. Moreover, Defendants Ward and Reid received no information, visually or auditorily, to believe that Victoria desired their presence or that she was in any danger or distress.

30. Despite this and without warning, Defendant Ward barged through Mr. Spring in the doorway, pushing him backwards into a hallway and clearing space to a second door that entered the main living room area of the Residence where Victoria was sitting on a couch.

31. Upon entering the room, Defendant Ward was immediately instructed by Victoria to leave the Residence forthwith.

32. Defendant Ward did not leave, however.

33. From the hallway, Mr. Spring again reiterated to Defendant Ward that "you are not allowed in the house."

34. Defendant Ward responded by saying "OK" and shutting the door directly into Mr. Spring.

35. Victoria also reiterated her desire for Defendant Ward to leave the Residence, telling him "you can't come in."

36. Defendant Ward responded by stating "yes I can."

37. After Victoria told Defendant Ward that she was "an old lady who is sick" and to leave her alone in her Residence multiple more times, Defendant Ward still remained in the room.

38. Mr. Spring continued to express verbally that the police needed to leave the Residence, but the remaining officers outside, including Defendant Reid, responded by simply tackling Mr. Spring to the ground.

39. When he was struck, Mr. Spring was standing in the same position adjacent to the interior doorway that he had been in since Defendant Ward entered the Residence and had made no gestures or movements (threatening or otherwise) towards either Defendant Ward or Defendant Reid.

COMPLAINT
Page 5 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 5 of 16

40. In particular, Mr. Spring expressed to Defendant Reid that he was just going to stand where he was while Defendant Ward was inside the Residence, to which Defendant Reid acquiesced.

41. Despite Mr. Spring standing in an authorized location from which he had not been ordered to move, Defendant Reid initiated contact by reaching out to grab Mr. Spring's hand at the wrist, from which Mr. Spring recoiled.

42. Directly from the momentum of this simple hand-to-hand interaction, Defendant Reid took the initiative to deliver a heavy, unprovoked push to the upper body of Mr. Spring with both hands.

43. Defendant Reid leaned his full bodyweight into Mr. Spring's upper body, following through until Mr. Spring's back struck the ground.

44. As Mr. Spring lay prone on the ground on his back, he kept his hands up above his head demonstrating that he was not resisting.

45. While he lay prone on his back Defendants Reid and another officer stepped over and on him while reaching for Mr. Spring's hands.

46. During this hectic period in the aftermath of the push, one of the officers stepped on Mr. Spring's foot, breaking two of his toes.

47. The officers then lifted Mr. Spring off the ground, placed his hands behind his back, and put handcuffs on him.

48. While Mr. Spring was being handcuffed -- without any resistance -- Victoria again instructed the officers to leave her Residence, to which Sgt. Garza, responded that they were just trying to check on her.

49. After Victoria reiterated again that she was fine and that the officers should leave, Sgt. Garza proposed a new rationale for their presence, that the police were just trying to conduct an investigation.

COMPLAINT
Page 6 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 6 of 16

50. While in the hallway, when Mr. Spring asked why the Defendant police officers were detaining him, one officer responded: "Because you are being obnoxious."

51. Immediately after Mr. Spring expressed his hope that all officers' body worn cameras and audio equipment were properly functioning, Defendant Ward -- who was present and observed Mr. Spring get pushed over by Defendant Reid moments earlier -- curiously asked Mr. Spring: "Are you alright sir? You look like you fell."

52. Mr. Spring was then led outside and officially placed under arrest.

53. Defendants charged Mr. Spring with three offenses: (1) Assault in violation of CBJ 42.10.010(a)(3); (2) Resisting or Interfering with an Officer in violation of CBJ 42.30.010(a)(1); and (3) Criminal Mischief in violation of CBJ 42.15.110(a)(1)(b)(2).

54. The Criminal Complaint charging Mr. Spring with the above offenses included a sworn statement from Defendant Reid purportedly attesting to the three charges. (Exhibit A, pp. 2-3).

55. In this sworn statement, Defendant Reid purported to describe the investigation and his interactions with Mr. Spring at the Residence, including the portion where Mr. Spring was taken to the ground.

56. The subject interaction between Mr. Spring and the Defendant police officers was recorded in its entirety on the Defendant police officers' body worn cameras.

57. A review of the video calls into the question the veracity of several of Defendant Reid's sworn statements.

58. In his sworn statement attesting to the Criminal Complaint filed against Mr. Spring, Defendant Reid claims that when contacted at the Residence, Mr. Spring "was being verbally belligerent with me[.]"

59. The body worn cameras reveal that Mr. Spring responded immediately to the officers at the door, delivered a statement on the accusations made by Marlene, and inquired what the police specifically wanted with him.

COMPLAINT
Page 7 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 7 of 16

60. The body worn cameras reveal that Mr. Spring was initially forthcoming and did not impede the officers' investigation in any way.

61. Relatedly, in his sworn statement attesting to the Criminal Complaint filed against Mr. Spring, Defendant Reid asserted that "Spring would also not answer any questions pertaining to what happened[.]"

62. The body worn cameras reveal that Mr. Spring immediately gave the officers a statement denying the allegations and asserting that Marlene had thrown sugar on him in the Residence's kitchen.

63. The body worn cameras reveal that once Mr. Spring gave his statement on the substance of the investigation, Defendants Reid and Ward stopped all inquiry into the allegations of Marlene and insisted that they needed to enter the Residence to talk to Victoria, who they could see through the window adjacent to the front door.

64. In his sworn statement attesting to the Criminal Complaint filed against Mr. Spring, Defendant Reid claims Mr. Spring "was refusing to let us inside the house to ensure the safety of [Victoria]."

65. The body worn cameras reveal that Mr. Spring expressed that he lived in the Residence upstairs and did not give the officers' permission to come in.

66. The body worn cameras also reveal that Mr. Spring passed along Victoria's instructions that the police were not allowed in the house.

67. The body worn cameras reveal that the Defendant police officers never expressed a basis for their concern with Victoria and that she was immediately inside the Residence through the window adjacent to the door.

68. In his sworn statement attesting to the Criminal Complaint filed against Mr. Spring, Defendant Reid describes the pushing of Mr. Spring by claiming that Mr. Spring was "passively resisting being put in handcuffs."

COMPLAINT
Page 8 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 8 of 16

69. The body worn cameras reveal that, at the time of the push, Mr. Spring was not being placed under arrest and no threat had been made to handcuff him.

70. In fact, the body worn cameras reveal that Mr. Spring expressed that he was just going to stay where he was standing, inferring that he posed no threat to Defendant Ward inside the Residence.

71. The body worn cameras reveal that Defendant Reid had no issue with this and affirmed Mr. Spring's position.

72. However, the body worn cameras reveal next that Defendant Reid reached out unprovoked at Mr. Reid's arm, that Mr. Spring recoiled from Defendant Reid, that Defendant Reid then place both of his hands on Mr. Spring's upper body and pushed him backwards onto the ground.

73. This directly contradicts Defendant Reid's next sworn assertion: that "Spring fell backwards[.]"

74. In his sworn statement attesting to the Criminal Complaint filed against Mr. Spring, Defendant Reid also claims that Mr. Spring continued to passively resist while he was on the ground.

75. The body worn cameras reveal that Mr. Spring was on the ground for only a matter of seconds during which he kept his hands visible and above his head, before reaching his arm up to the officers who pulled him up off the floor.

76. Notably, at this time, Mr. Spring had not been placed under arrest, and, before falling, no officer had made any such assertion or ordered Mr. Spring to submit to handcuffing. All of this is supported by the body worn cameras, contradicting Defendant Reid's sworn statements.

77. In his sworn statement attesting to the Criminal Complaint filed against Mr. Spring, Defendant Reid finally claims that Mr. Spring then "tensed up his muscles and refused to place his hands behind his back."

COMPLAINT
Page 9 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 9 of 16

78. The body worn cameras reveal that Mr. Spring was seamlessly picked up from the ground, pushed face-first against a wall, had his arms pulled behind his back by two younger, stronger officers, and was immediately -- without any resistance -- handcuffed.

79. The body worn cameras reveal no resistance, no trouble putting handcuffs on, nor are there any instructions or orders stated by police that Mr. Spring disobeyed -- at this time, the Defendant police officers did not even say Mr. Spring was under arrest or that he was going to be handcuffed.

80. Mr. Spring appeared in the district court for the First Judicial District at Juneau the next morning, September 27, 2020, where he was arraigned, pleaded not guilty, and was released on his own recognizance.

81. Once appointed counsel in his criminal case, the Defendant City and Borough of Juneau dismissed all charged against Mr. Spring with prejudice.

82. Mr. Spring's broken toes developed an infection in the months after the assault.

83. Despite diligent treatment of symptoms, the infection spread up Mr. Spring's leg, and, eventually it was necessary to amputate the leg due to the severity and prevalence of the infection.

84. Mr. Spring endured severe physical and emotional pain from the broken toes, subsequent infection and eventual amputation.

85. Mr. Spring's life has been irreparably damaged by the loss of his leg, rendering him unable to work and impairing his daily functioning.

86. Mr. Spring has suffered great pain of mind and body and will continue to suffer, enduring damages in excess of $5,000,000.00 with the exact amount to be determined at the time of trial.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 1983
## (EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS)

COMPLAINT
Page 10 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 10 of 16

87. Plaintiff repeats and realleges paragraphs 1 through 85 as if expressly set forth at length.

88. Defendants Ward and Reid (the "Defendant Officers") violated the civil rights of the Plaintiff when Mr. Spring was subjected to the use of excessive, unreasonable, and unjustified force, and subjected to great duress.

89. The Defendant Officers violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure when excessive force was used against Mr. Spring.

90. The Defendant Officers, without any legal justification, willfully and maliciously threw Plaintiff to the ground where he was then stepped on, causing him broken bones, as well as severe physical and emotional pain.

91. The Defendant Officers, without any legal justification, willfully and maliciously restrained Plaintiff in the hallway of his home, even after Plaintiff lawfully instructed them to leave his property and dutifully responded to their substantive investigation.

92. As a result of Defendant Officers' excessive use of force against Plaintiff, the Plaintiff suffered physical and emotional injuries as hereinafter set forth.

93. The Defendant Officers knew or should have known that their actions were violative of rights guaranteed to the Plaintiff.

94. The Defendant Officers' actions were the direct and proximate cause of the injuries suffered by the Plaintiff.

95. The Defendants were at all times, acting under the color of state law, in their individual and official capacities as members of the Police Department for the City and Borough of Juneau.

96. The actions of the Defendants and of each of them were willful and malicious and showed a wanton disregard for the constitutional rights of Plaintiff.

COMPLAINT
Page 11 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 11 of 16

97. The Defendants used a degree of force or allowed the use of a degree of force that was unnecessary to the need.

98. That such force was objectively unreasonable in light of the facts and circumstances at the time.

99. By reason of the acts of the Defendants, Plaintiff has suffered great anxiety and pain of mind and body and will continue to suffer, all to Plaintiffs damage.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers, jointly and severally, in the sum of $5,000,000.00 dollars, the costs of this suit, his attorney's fees, and such other relief as this Honorable Court deems just and proper under the circumstances.

Plaintiff further demands punitive damages from the individually named Defendants in their individual capacities, jointly and severally in the sum of five million ($5,000,000.00) dollars.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF 42 U.S.C. § 1983**
**(FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE**
**AGAINST DEFENDANT CITY AND BOROUGH OF JUNEAU)**

100. Plaintiff repeats and realleges paragraphs 1 through 85 as if expressly set forth at length.

101. Defendant City and Borough of Juneau, following its normal practice and procedure, failed to train, supervise, and discipline police officers from committing the unwarranted batteries and using excessive force, or allowing such activities, against civilian citizens such as Plaintiff.

102. Defendant City and Borough of Juneau's failure to train, supervise or discipline its officers amounted to deliberate indifference to the rights of persons with whom the police come into contact.

COMPLAINT
Page 12 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 12 of 16

103. Plaintiff was deprived of her liberty and constitutional rights in violation of the Fourth, Eight, and Fourteenth Amendment to the United States Constitution due to the failure to train, supervise, and discipline.

104. The actions of the Defendants were done willfully and maliciously.

105. The actions of the Defendants were done under the color of state law.

WHEREFORE, the Plaintiff demands judgment against Defendant City and Borough of Juneau, in the sum of five million ($5,000,000) dollars, the costs of this suit, his attorney's fees, and such other relief as this Honorable Court deems just and proper under the circumstances.

Plaintiff further demands punitive damages in the sum of one million ($1,000,000.00) dollars.

### THIRD CLAIM FOR RELIEF

### BATTERY (ALASKA LAW)
### (AGAINST ALL DEFENDANTS)

106. Plaintiff repeats and realleges paragraphs 1 through 85 as if expressly set forth at length.

107. On or around September 26, 2020, Defendant Officers of the Defendant City and Borough of Juneau, without any legal justification, acted violently, forcefully, and without consent, by pushing open Plaintiff with such great force as to throw Plaintiff to the ground and then stepping on his foot in the aftermath, causing severe physical injuries to Plaintiff's person.

108. As a result of the unlawful battery inflicted upon the Plaintiff, Plaintiff has suffered physical and emotional injuries resulting in amputation of a leg, as well as extreme and continuing pain and expense.

109. Defendant Officers knew or should have known that their actions were violative of rights guaranteed to the Plaintiff.

COMPLAINT
Page 13 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 13 of 16

110. Defendant City and Borough of Juneau, by and through its officers and agents, has failed to investigate, discipline, reprimand or instruct their officers in any way for and because of the malicious and unconstitutional actions of their officers, thus evincing a policy, practice and custom of encouraging and condoning such acts.

111. The Defendant Officers' actions were intentional and malicious and showed a willful and wanton disregard for the rights of the Plaintiff.

112. Defendant Officers' actions were the direct and proximate cause of the injuries suffered by the Plaintiff.

113. As a result of the allegations contained herein, the individual Defendants are liable to the Estate of Cody Eyre for common law torts under Alaska law, including assault and battery.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant Officers and each of them as follows:

   A.  Compensatory damages in the amount of two hundred and fifty thousand dollars ($250,000), including but not limited to, physical injury and disability, pain and suffering, and medical expenses which were incurred as a result of Defendant Officers' actions;

   B.  Costs of this suit;

   C.  Reasonable attorney's fees;

   D.  Punitive damages against the individually named Defendant Officers in the amount of one million dollars ($1,000,000); and

   E.  Other such relief as this Honorable Court deems proper and just.

### FOURTH CLAIM FOR RELIEF

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (ALASKA LAW)**
**(AGAINST ALL DEFENDANTS)**

114. Plaintiff repeats and realleges paragraphs 1 through 85 as if expressly set forth at length.

COMPLAINT
Page 14 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 14 of 16

115. The actions of the Defendant Officers were extreme and outrageous.

116. The Defendants actions were done to intentionally and maliciously cause severe emotional distress to Plaintiff.

117. The Defendant Officers knew or reasonably should have known that their actions had a high probability of causing severe emotional distress to the Plaintiff, as evidenced by Defendant Ward's disingenuous question about Plaintiff "falling" once the matter of video evidence was brought up, as well as Defendant Reid's numerous false statements about the subject incident in the Criminal Complaint, covering up evidence of wrongdoing.

118. The Defendant Officers' actions were intentional and malicious and demonstrated a willful and wanton disregard for the rights of the Plaintiff and had a high probability of causing severe emotional distress to the Plaintiff.

119. Plaintiff has suffered and continues to suffer from severe emotional distress.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant Officers and each of them as follows:

A. Compensatory damages in the amount of two hundred and fifty thousand dollars ($250,000), including but not limited to, physical injury and disability, pain and suffering, and medical expenses which were incurred as a result of Defendant Officers' actions;

B. Costs of this suit;

C. Reasonable attorney's fees;

D. Punitive damages against the individually named Defendant Officers in the amount of one million dollars ($1,000,000); and

E. Other such relief as this Honorable Court deems proper and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

COMPLAINT
Page 15 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 15 of 16

1. For compensatory damages in excess of $5,000,000 under federal and state law, in an amount to be proven at trial;
2. For punitive damages against the individual defendants in an amount to be proven at trial;
3. Loss of earnings and impaired future earning capacity according to proof;
4. Medical and incidental expenses, past and future, according to proof;
5. For prejudgment and post judgment interest as provided by law;
6. For Trial by Jury; and
7. Such other and further relief as this Court deems proper.

Dated: September 26, 2022

By: /s/ *Mark Choate*
Mark C. Choate, AK #8011070
Attorney for Plaintiff

COMPLAINT
Page 16 of 16

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:22-cv-00088-JMK   Document 1   Filed 09/27/22   Page 16 of 16